IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO.: ) |
| DANIEL WEISMAN, | ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
## MOTION FOR LEAVE TO FILE UNREDACTED COMPLAINT UNDER SEAL

In support of its Motion for Leave to File Unredacted Complaint Under Seal, Berkshire Life Insurance Company of America ("Berkshire") hereby files the following memorandum of law in accordance with Local Rule 7.01(a)(2) and states as follows:

Berkshire initiated the above-styled action on August 28, 2019, with the filing of its Complaint. (Doc. 1). Berkshire's Complaint involves the rescission of a policy of insurance and details a substantial number of medical conditions, diagnoses, and treatments of Defendant's which constitute protected health information. (*Id.*). In compliance with Local Rule 5.03(c), such information has been redacted in the filed Complaint to avoid the release of Defendant's protected health information into the public record. Berkshire now seeks leave to file an unredacted version of its Complaint under seal.

The Sixth Circuit recognizes that there is a "strong presumption in favor of openness" as to court records. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983). Thus, the party seeking to seal the records must "show a compelling reason why certain documents or portions thereof should be sealed" and that the seal is "narrowly tailored to serve

1

that reason." *Shane Group, Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 306 (6th Cir. 2016); *see also* L.R. 5.03 (requiring demonstration of "compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons"). However, courts also recognize that "the privacy right of participants" is an important interest which may support sealing relevant documents. *Brown*, 710 F.2d at 1179.

In particular, sealing of documents may be appropriate where they contain private medical information. *E.g.*, *Gardner v. Dye*, No. 3:15 C 00669, 2016 WL 10749386, at *4 n.2 (M.D. Tenn. Aug. 16, 2016) (granting motion to file "confidential medical records" under seal; *Ellis v. United States*, No. 3:08-CR-167, 2013 WL 5236650, at *1 (E.D. Tenn. Sept. 17, 2013) (same); *see also Moore v. CVS Rx Serv., Inc.*, 660 Fed. App'x 149, 153 n.4 (3rd Cir. 2016) (citing *Doe v. Delie*, 257 F.3d 309, 315 (3d Cir. 2001)) (recognizing "the important privacy interest in one's medical records" in granting motion to file under seal). Indeed, in *Shane Group*, the Sixth Circuit found that sealing was inappropriate based, in part, on its finding that "the sealed materials reveal[ed] scarcely any 'confidential patient-health information,' which [was] unsurprising given that such information would be irrelevant to the antitrust issues presented in [that] case." 825 F.3d at 307. By acknowledging this contrast, *Shane Group* itself suggests that where confidential patient-health information *is* involved and central to the case, sealing may be appropriate.

Compelling reasons to seal the unredacted Complaint exist here. Due to the nature of the case, the Complaint contains detailed information about Defendant's private health records, which is necessarily identifiable as Defendant's. There is no meaningful interest in public disclosure, and Defendant should have the right to keep such records private. *See Gardner*, 2016 WL 10749386, at *4 n.2; *Ellis*, 2013 WL 5236650, at *1; *Moore* 660 Fed. App'x at 153 n.4.

4841-0274-4482.2
Case 3:19-cv-00762   Document 4   Filed 08/28/19   Page 2 of 3 PageID #: 21

And unlike in *Shane Group*, Defendant's medical records are an important, unavoidable aspect of this case. Moreover, Berkshire's request is narrowly tailored to this compelling interest. Berkshire has filed publicly a redacted version of the Complaint, which redacts only the information concerning Defendant's private medical records. Likewise, the request to seal pertains only to such information.

For the foregoing reasons, there is a compelling need for Berkshire to file the unredacted Complaint under seal, and the request is narrowly tailored to that need. Therefore, Berkshire respectfully requests that this Court grant its Motion for Leave and allow Plaintiff to file its Complaint in unredacted form under seal.

Respectfully submitted,

*/s/ Edmund S. Sauer*
Edmund S. Sauer (BPR 29966)
Kimberly M. Ingram (BPR 035191)
Bradley Arant Boult Cummings LLP
Roundabout Plaza
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Phone: 615.252.3592
Fax: 615.252.6357
essauer@bradley.com
kingram@bradley.com

Jason A. Walters, *pro hac vice* forthcoming
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Phone: 205.521.8000
Fax: 205.521.8800
jwalters@bradley.com

*Attorneys for Plaintiff Berkshire Life Insurance Company of America*